940 F.2d 659
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Nathan Vernon GILLENWATER, Petitioner-Appellant,
v.
Al C. PARKE, Warden, Respondent-Appellee.
 No. 89-6239.
 United States Court of Appeals, Sixth Circuit.
 July 29, 1991.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and JORDAN, District Judge.*
 PER CURIAM.
 
 
 1
 This habeas action was originally dismissed by the district court on the basis of it being barred by a procedural default that occurred in the state court system. On appeal we reversed, relying on Harris v. Reed, 489 U.S. 255 (1989). We reasoned that the district court had erred in applying a cause and prejudice analysis since the Kentucky Supreme Court, in denying discretionary review, did not clearly and expressly base its ruling upon Gillenwater's procedural default.
 
 
 2
 Subsequently, the United States Supreme Court decided Coleman v. Thompson, 59 U.S.L.W. 4789 (U.S. June 24, 1991), which undercut, to some degree, the Harris analysis we applied in our review of this case, and the Supreme Court has now decided Ylst v. Nunnemaker, 59 U.S.L.W. 4808 (U.S. June 25, 1991), which clearly requires us to revisit our earlier decision in this case. On the basis of the holding in Ylst, the Supreme Court granted Gillenwater's petition for certiorari and vacated our decision.[1] The decision in Ylst created a presumption that where "the last reasoned opinion [from a state court] on the claims explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits." Id. at 4810. The Court went on to state: "[W]e do not suggest that the presumption is irrebuttable; strong evidence can refute it." Id.
 
 
 3
 In light of Ylst's creation of a rebuttable presumption, we have concluded the best way to proceed in this case is to REMAND to the district court where an appropriate hearing can be held, if necessary.
 
 
 4
 IT IS SO ORDERED.
 
 
 
 *
 The Honorable Leon Jordan, United States District Court for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 Our initial decision was made pursuant to Rule 9(b)(6), Rules of the Sixth Circuit